UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN E. FREEDMAN and KATE FREEDMAN, as Trustees of the STEVEN AND KATE LIVING TRUST DATED APRIL 20, 2005, | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:16-cv-11039 |
| | ) | |
| AMERICAN GUARDIAN HOLDINGS, INC., an Illinois corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Steven E. Freedman and Kate Freedman as Trustees of the Steven and Kate Freedman Living Trust Dated April 20, 2005 (the "Freedmans"), a California trust, for their Complaint against Defendant, American Guardian Holdings, Inc., states:

1.     On November 17, 2016, American Guardian Holdings, Inc. agreed to redeem 3,725 shares of American Guarding Holdings common stock held by the Freedmans for $37,605,000 (the "Agreement"). Under the Agreement's written terms, American Guardian Holdings agreed to redeem specific portions of the Freedmans' shares on December 31, 2016, 2017, 2018 and 2019 at an agreed-upon price. Shortly after executing this contract, however, American Guarding Holdings communicated its intent to breach its redemption obligation. The Freedmans, therefore, seek a declaration of their rights under, and specific performance of, the Agreement.

## PARTIES

2.     Plaintiff Steven E. Freedman is a citizen and resident of Puerto Rico.

3.     Plaintiff Kate Freedman is a citizen and resident of Puerto Rico.

4.     American Guardian Holdings, Inc. is an Illinois corporation with its principal place of business in Warrenville, Illinois.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the Freedmans, on one hand, and American Guardian Holdings, on the other hand, are citizens of different states and more than $75,000 is in controversy.

6.     Venue properly lays in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) as American Guardian Holdings has its principal place of business in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## FACTS SUPPORTING COMPLAINT

7.     On November 17, 2016, Steven Freedman met with American Guardian Holdings CEO, Rogers Freedlund, and all of the other American Guardian Holdings' officers and shareholders, as well as the Company's General Counsel in Warrenville, Illinois.

8.     At that meeting, the parties discussed various issues that Mr. Freedman had with Mr. Freedlund's management of American Guardian Holdings and the company's treatment of the Freedmans as American Guardian Holdings' minority shareholders.

9.     As consequence, Mr. Freedlund on behalf of American Guardian Holdings offered to buy the Freedmans' shares of American Guardian Holdings stock over a three year period beginning on December 31, 2016 based on a $98 million valuation of the company.

10.     Mr. Freedman accepted this offer, and the parties set forth the essential terms of the American Guardian Holdings agreement to redeem the Freedmans' shares (attached hereto as Ex. A). Mr. Freedlund and Mr. Freedman then executed this writing, with the acknowledgement and consent of the other American Guardian Holdings shareholders, officers and General

Counsel, to signify the acceptance of American Guardian Holdings and the Freedmans of the Agreement.

11.     As set forth in this Agreement, American Guardian Holdings committed to pay $37,605,000 for the Freedmans' 3,725 shares as follows:

| Date | Shares Redeemed | Amount |
|------|-----------------|--------|
| 12/31/2016 | 1,982 | $ 20,000,000.00 |
| 12/31/2017 | 581 | $ 5,868,333.00 |
| 12/31/2018 | 581 | $ 5,868,333.00 |
| 12/31/2019 | 581 | $ 5,868,334.00 |
| **Total** | 3,725 | $ 37,605,000.00 |

12.     On November 21, 2016, American Guardian Holdings sent the Freedmans a draft Share Redemption Agreement and termination of Shareholders Agreement, seeking to change and add terms not agreed upon in the Agreement. The Freedmans rejected American Guardian Holdings offer to change the Agreement.

13.     When the Freedmans thereafter requested that American Guardian Holdings confirm its intent to comply with the Agreement, American Guardian Holdings stated it would not redeem the shares in accordance with the Agreement, and would only redeem the Freedmans' shares if the essential terms of the Agreement were changed.

## COUNT I
### (Declaratory Relief and Specific Performance)

14.     The Freedmans reallege and incorporate as if fully set forth herein Allegations 1 to 13.

15.     An actual controversy exists between the Freedmans, on one hand, and American Guardian Holdings, on the other hand, as to the enforceability of the Agreement.

16.     The Freedmans accepted American Guardian Holdings' offer to redeem their American Guardian Holdings shares on the dates, and at the price, set forth in the Agreement.

17.     The Freedmans and American Guardian Holdings each manifested their agreement to those terms by executing the Agreement.

18.     The Freedmans stand ready and able to perform their obligations under the Agreement when due.

19.     American Guardian Holdings now asserts that the Agreement does not obligate its redemption of the Freedmans' shares and has indicated it will not perform as required under the Agreement.

20.     In response to requests that it provide assurance of its performance under the Agreement, American Guardian Holdings manifested a clear, unequivocal intent not to perform under the Agreement when performance is due. By doing so, American Guardian Holdings has defeated and rendered unattainable the object of the Agreement, namely the redemption of the Freedmans' share in accordance with the terms of the Agreement.

WHEREFORE, the Freedmans request that the Court, pursuant to 28 U.S.C. § 2201(a), enter judgment in favor of the Freedmans and against American Guardian Holdings, and:

(a)     Declare the Agreement is a valid and fully enforceable contract;

(b)     Require American Guardian Holdings' specific performance of the Agreement;

(c)     Award the Freedmans' their attorney's fees and costs; and

(c)     Provide for such other relief as the Court deems appropriate.

## COUNT II
### (Anticipatory Breach)

21.     The Freedmans reallege and incorporate as if fully set forth herein Allegations 1 to 20.

22.     The Agreement is a valid contract obligating American Guardian Holdings' redemption of the Freedmans' American Guardian Holdings shares.

23.     The Freedmans stand ready and able to perform their obligations under the Agreement when due.

24.     American Guardian Holdings asserts that the Agreement does not obligate its redemption of the Freedmans' share and states it will not perform as required under the Agreement.

25.     In response to requests that it provide assurance of its performance under the Agreement, American Guardian Holdings manifested a clear, unequivocal intent not to perform under the Agreement when performance is due. By doing so, American Guardian Holdings has defeated and rendered unattainable the object of the Agreement, namely the redemption of the Freedmans' share in accordance with the terms of the Agreement.

WHEREFORE, the Freedmans request that the Court enter judgment in favor of the Freedmans and against American Guardian Holdings, and issue an order:

(a)     Finding that American Guardian Holdings has anticipatorily breached the Agreement;

(b)     Requiring American Guardian Holdings' specific performance of the Agreement;

(c)     Awarding the Freedmans' their attorney's fees and costs; and

(d)     Providing for such other relief as the Court deems appropriate.

Dated: December 2, 2016

STEVEN E. FREEDMAN and KATE
FREEDMAN, as Trustees of the STEVEN
AND KATE LIVING TRUST DATED
APRIL 20, 2005

By: _/s/ James A. Rolfes_
       One of Their Attorneys

James A. Rolfes (ARDC# 6200271)
Lewis B. Greenblatt (ARDC #1048554)
Claudia L. Cortes (ARDC #6320479)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
312.207.1000
jrolfes@reedsmith.com
lgreenblatt@reedsmith.com
ccortes@reedsmith.com

*Attorneys for Plaintiffs*