UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN E. FREEDMAN and KATE FREEDMAN, as Trustees of the STEVEN AND KATE LIVING TRUST DATED APRIL 20, 2005, | ) ) ) ) ) | Civil Action No. 1:16-cv-11039 |
| Plaintiffs, | ) ) | Hon. Jorge L. Alonso |
| v. | ) ) | Hon. Mary M. Rowland |
| AMERICAN GUARDIAN HOLDINGS, INC., an Illinois corporation, | ) ) ) ) ) | |
| Defendant. | ) ) | |
| AMERICAN GUARDIAN HOLDINGS, INC., an Illinois corporation, and AMERICAN GUARDIAN WARRANTY SERVICES, INC. an Illinois corporation | ) ) ) ) ) ) | |
| Counterplaintiffs, | ) ) | |
| v. | ) ) | |
| STEVEN E. FREEDMAN, individually and as Trustee of the STEVEN AND KATE LIVING TRUST DATED APRIL 20, 2005, | ) ) ) ) ) | |
| Counterdefendant. | ) | |

**MOTION FOR RECONSIDERATION OF
<u>SEPTEMBER 21, 2017 ORDER TERMINATING REFERRAL</u>**

1

Defendants/Counterplaintiffs, American Guardian Holdings, Inc. and American Guardian Warranty Services, Inc. (collective "AGH"), by and though their counsel, request that this Court reconsider its minute order of September 21, 2017 terminating the referral to the Honorable Judge Mary M. Rowland. In support of this Motion, AGH states as follows:

1. After this matter was referred to Judge Rowland for discovery, the parties agreed to mediate before Judge Rowland. The parties engaged in extensive negotiations before Judge Rowland and ultimately entered into a complex settlement agreement that contemplated Judge Rowland retaining jurisdiction over enforcement of the Agreement.

2. In recognition of the parties' agreement during the mediation that Judge Rowland would retain jurisdiction over enforcement of the agreement's terms, on September 6, 2017, a docket entry was made by the Clerk stating, "The Parties are reminded that the court retains jurisdiction to enforce a settlement agreement only if the action is dismissed without prejudice, or the court enters an order incorporating the terms of the settlement agreement. See *Lynch, Inc. v. SamataMason Inc.,* 279 F.3d 487, 489 (7th Cir. 2002); *Natkin v. Winfrey*, No. 99 C 5367, 2015 U.S. Dist. LEXIS 164630 (N.D. Ill. Dec. 8, 2015) (Castillo, C.J.); *Voso v. Ewton*, No. 16−cv−00190, 2017 U.S. Dist. LEXIS 10170 (N.D. Ill. Jan. 25, 2017) (St. Eve, J.)". [DKT 131]

3. The parties have nearly finalized the other terms of the Settlement Agreement. Consistent with the Court's Order, the parties intend to complete the final written Settlement Agreement by September 29, 2017. [DKT 131]

4. On September 21, 2017 a docket entry was made by the Clerk stating, "All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned judge. Honorable Judge Mary M. Rowland no longer referred to the case". [DKT 139]

4. Because the Settlement Agreement requires future performance, it was contemplated at the mediation, and agreed by the parties, that the Court would retain enforcement jurisdiction.

For these reasons, AGH requests that this Court reconsider its minute order of September 21, 2017 and that the Honorable Judge Mary M. Rowland retain enforcement jurisdiction of the Settlement Agreement.

Dated: September 25, 2017

Respectfully submitted,

/s/ *Daniel P. Shapiro*
Daniel P. Shapiro
Dawn M. Canty
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
Tel: 312-902-5200
Fax: 312-902-1061
daniel.shapiro@kattenlaw.com
dawn.canty@kattenlaw.com
matthew.holub@kattenlaw.com

*Counsel for Defendant and Counterplaintiff American Guardian Holdings, Inc. and Counterplaintiff American Guardian Warranty Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, I caused a true and correct copy of the following document to be served upon all counsel of record via email:

- **MOTION FOR RECONSIDERATION OF SEPTEMBER 21, 2017 MINUTE ORDER.**

    /s/ *Dawn M. Canty*
Dawn M. Canty
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
Tel: 312-902-5200
Fax: 312-902-1061
dawn.canty@kattenlaw.com

*Counsel for Defendant and Counterplaintiff American Guardian Holdings, Inc. and Counterplaintiff American Guardian Warranty Services, Inc.*