UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN E. FREEDMAN and KATE FREEDMAN, as Trustees of the STEVEN AND KATE LIVING TRUST DATED APRIL 20, 2005, <br><br>                 Plaintiffs, <br>v. <br><br>AMERICAN GUARDIAN HOLDINGS, INC., an Illinois corporation, <br><br>                 Defendant. <br><br>AMERICAN GUARDIAN HOLDINGS, INC., an Illinois corporation, and AMERICAN GUARDIAN WARRANTY SERVICES, INC. an Illinois corporation <br><br>                 Counter Plaintiffs, <br>v. <br><br>STEVEN E. FREEDMAN, individually and as Trustee of the STEVEN AND KATE LIVING TRUST DATED APRIL 20, 2005 <br><br>                 Counter Defendant. | Civil Action No. 1:16-cv-11039 <br><br>Hon. Jorge L. Alonso |

**FREEDMAN'S SUPPLEMENT TO STATUS REPORT**

In advance of the trial set for October 19 and 20, 2020, Counter Defendant Steven Freedman, submits this Supplement to the Parties' Joint Status Report filed today, and pursuant to the Court's October 7, 2020 Order (ECF 389). In addition to the items identified in the Joint Status Report filed today, Mr. Freedman is independently looking for clarification as to the admissibility of testimony of certain of American Guardian's witnesses via deposition. Mr. Freedman's position on this point is addressed further below.

**A. Mr. Freedman's Position Regarding The Testimony of American Guardian's Employee Witnesses**

1. As Mr. Freedman set forth in his February Pre-Trial submission (PTO Ex. D1), Mr. Freedman objects to American Guardian presenting its employee witnesses, specifically, Jonathan Anderson, Zach Hughes, Matthew Weil, and Richard Simmons,[1] by deposition testimony because those individuals are employees of American Guardian, are under American Guardian's control, and American Guardian has not demonstrated that these individuals are "unavailable" pursuant to Federal Rule of Civil Procedure 32(a)(4), such that American Guardian may rely on their deposition testimony in lieu of live testimony.

2. Further, as American Guardian failed to identify Mr. Anderson, Zach Hughes, or Mr. Simmons on its "will call" or "may call" trial witness list submitted to the Court in February, it is Mr. Freedman's position that the Court should not permit American Guardian to present any testimony from these witnesses should these witnesses fail to appear live at trial.

### Matthew Weil, Jonathan Anderson, and Richard Simmons

3. American Guardian employees Matthew Weil[2], Jonathan Anderson, and Richard Simmons, all reside within this Court's jurisdiction and are senior executives of American Guardian. American Guardian has not shown any reason why these witnesses are unavailable to testify live at trial pursuant to Federal Rule of Civil Procedure 32, particularly here where witnesses will testify "live" via remote means.

---

[1] Mr. Freedman had also objected to the deposition designations of American Guardian employee David Stewart on similar grounds. As the Stewart deposition designations that American Guardian seeks to introduce are short and of limited importance to the claims American Guardian asserts, Mr. Freedman withdraws its objection to the presentation of Mr. Stewart's testimony via deposition designation.

[2] American Guardian listed Mr. Weil on PTO Ex. D as a "may" call witness.

4. It is Mr. Freedman's position that, as the offering party of this testimony, American Guardian has a duty to secure its witnesses' appearances at trial or demonstrate that they are in fact unavailable under Rule 32(a)(4). *See Rascon v. Hardiman*, 803 F.2d 269, 277 (7th Cir. 1986) (noting that offering party bears burden of proving that the deposition testimony is admissible under Rule 32); *Hall v. Jaeho Jung*, 819 F.3d 378, 381 (7th Cir. 2016) (deposition testimony inadmissible where witness was not "unavailable" under Rule 32).

5. Accordingly, should American Guardian fail to present Mr. Anderson, Mr. Weil, and Mr. Simmons as live witnesses at trial, Mr. Freeman objects to the admission of any of their deposition testimony.

**Zach Hughes**

6. While American Guardian employee Zach Hughes does not reside in Illinois, **this trial would not be happening but for Zach Hughes' allegations regarding his December 16, 2017 meeting with Steve Freedman.** American Guardian reinstated this litigation because of allegations Zach Hughes made and he will be American Guardian's central witness in this case.[3]

7. Zach Hughes live testimony is particularly important here because a central issue at trial will be his credibility regarding his version of events at his December 16, 2017 meeting with Mr. Freedman. *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996) ("Anglo–American courts [have a strong preference] for live testimony, **especially in a case that turns on the credibility of testimony contradicted by other witnesses.")** (emphasis added); *see Berry Plastics Corp. v. Intertape Polymer Corp.*, No. 3:10-CV-00076, 2015 WL 7960986, at *2 (S.D. Ind. Dec. 4, 2015) (allowing deposition testimony in lieu of live appearance "would undermine the court's

---

[3] This is not the first time American Guardian has refused to produce Zach Hughes. Indeed, American Guardian caused Zach Hughes to defy a deposition subpoena, requiring then-Magistrate Judge Rowland to order American Guardian to produce Zach Hughes for deposition in Chicago the following day (ECF 234). Clearly, American Guardian has the ability to require Mr. Hughes' participation in this proceeding.

preference for live testimony and the significance of cross-examination" **particularly in circumstances where the trier of fact is called to weigh the witness's "demeanor and weigh the credibility of his testimony**") (emphasis added); *see also Guignard v. Nat'l R.R. Passenger Corp* 11 C 124, 2012 WL 1108242, at *4 (N.D. Ill. Apr. 1, 2012) ("The Seventh Circuit and courts in this district have repeatedly and consistently indicated their preference for live testimony at trial."); *Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.,* 776 F.Supp. 1271, 1277 (N.D. Ill. 1991) ("The interest of justice is better served by ensuring the presence of live witness testimony. It is well settled that the trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured.")

8. That American Guardian made a strategic determination in February 2020 to not call Zach Hughes, long before any recently asserted "unavailability," American Guardian must now live the consequence of that choice – *i.e.*, it cannot submit deposition testimony of an employee witness essential for its case; nor can it call him live given its failure to identify him as a witness at trial as required under the Court's pretrial order.

9. Notwithstanding that it did not identify Zach Hughes as a "will" call or "may" call witness, on October 5, 2020—two weeks before trial and five months after confirmation of this trial setting—American Guardian's counsel emailed the Court, stating that Zach Hughes was "unavailable" to testify on October 19 or 20 due to "personal and family commitments that cannot be changed." *See* October 5, 2020 email from D. Lefler to Judge Alonso. Shortly thereafter, Mr. Freedman's counsel asked American Guardian's counsel for further information regarding Zach Hughes' purported unavailability at trial, but American Guardian's counsel provided no additional detail.

10. Indeed, a party that seeks to use deposition testimony in lieu of live testimony because of the claimed "unavailability" of a witness must first meet its obligation under Federal Rule of Civil Procedure 32(4)(D) to use reasonable diligence to secure the witness's presence. *See Schwartz v. System Software Assocs., Inc.*, 32 F.3d 284, 289 (7th Cir. 1994) (affirming district court's exclusion of deposition testimony from being read at trial where no showing was made of witness "unavailability" under Rule 32). Here, American Guardian has had five months to secure Zach Hughes testimony since the Court set the October 19 trial date.

11. Should American Guardian fail to produce Mr. Zach Hughes to testify at trial, Mr. Freedman requests that the Court make an adverse inference against American Guardian due to the fact that American Guardian has decided not to call its key witness at trial. *See* Am. Jur. 2d, Evidence §§ 259 to 270 (recognizing that the failure to call an available witness who is within one party's control and has knowledge pertaining to a material issue may, if not satisfactorily explained, lead to an inference or presumption that the witness's testimony would have been adverse to the party); *Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983) ("According to the 'missing witness' rule, when 'a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction,' but chooses not to call them, an inference arises "that the testimony, if produced, would be unfavorable.") (quoting *Graves v. United States*, 150 U.S. 118, 121 (1893) and finding that when an employer fails to call an employee who could give important testimony relative to issues in litigation, and does not account for his absence, a presumption arises that the employee's testimony would be unfavorable to his employer (internal citation omitted)).

12. Even if the Court allows American Guardian to reverse its February 2020 strategic choice, and now allows American Guardian to call Mr. Hughes live, its eve-of-trial claim that Mr.

Hughes is "unavailable" fails. Because the Court has ordered this trial to proceed virtually, Zach Hughes can appear virtually from North Carolina, and thus travel to the jurisdiction does not pose any impediment to his live testimony. *See Griman*, 76 F.3d at 153 ("Given the strong preference of Anglo–American courts for live testimony, especially in a case that turns on the credibility of testimony contradicted by other witnesses . . . we cannot say that the judge abused his discretion in concluding that no "exceptional circumstances" warranted the admission of [witness's] deposition into evidence").

13. In sum, Mr. Freedman asks that the court uphold his objection to American Guardian's introduction of deposition testimony in lieu of live testimony from Mr. Anderson, Mr. Simmons, Mr. Weil, and Zach Hughes, or, in the alternative, require American Guardian to produce these witnesses to testify live at trial.

Dated: October 8, 2020

STEVEN E. FREEDMAN and KATE FREEDMAN, as Trustees of the STEVEN AND KATE LIVING TRUST DATED APRIL 20, 2005

By: /s/ James A. Rolfes
 One of Their Attorneys

James A. Rolfes (ARDC #6200271)
Lewis B. Greenblatt (ARDC #1048554)
Kristen A. DeGrande (ARDC #6323668)
Meredith A. Shippee (ARDC #6306992)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
312.207.1000
jrolfes@reedsmith.com
lgreenblatt@reedsmith.com
kdegrande@reedsmith.com
mshippee@reedsmith.com
*Attorneys for Counter Defendant*